HOGAN, plaintiff in error, v. PEOPLE.

*Election law — offenses against. Evidence.*

On the trial of an indictment, under the statute making it a felony " for any
person other than an inspector of elections to knowingly and willfully put,
or cause to be put, ballots into a ballot-box " at certain elections, it was
admitted that the prisoner was not an inspector, and that he did put ballots
into a ballot-box at an election. *Held*, that evidence to show that the pris-
oner was, at the time, acting as inspector instead of C., who had been
appointed, and who had, by power of attorney, appointed the prisoner to act
in his place, was properly rejected.

ERROR to review a conviction of the plaintiff in error. The facts
appear in the opinion.

*B. K. Phelps*, district attorney, for the people.

DONOHUE, J. The plaintiff in error was indicted under a statute
of the State making it a felony " for any person other than an in-
spector of elections to knowingly and willfully put, or cause to be
put, ballots into a ballot-box at elections provided for in the act."

That the plaintiff in error was not an inspector is admitted, as,
also, that he did put ballots into a ballot-box at an election held
under the provisions of the law alleged to be violated.

On this simple statement of the case the counsel for Hogan does
not argue that there is any defense; but in the court below he
sought to introduce testimony to show that Hogan was acting as
inspector, instead of one Conklin, who had been appointed, and
who had, by power of attorney, appointed Hogan to act in his place;
and on the refusal of the judge before whom the case was tried to
admit the evidence, he excepted, and now asks this court to review
that ruling.

We think the evidence was properly rejected. The evidence does
not tend to any point but to show that some one who was wrong in
his advice told Hogan to act. He knew he was not an inspector,
and took some one's statement that Conklin had power to appoint.
To open the door to the defense set up here would be a dangerous
precedent. If Hogan would be justified in relying on a lawyer's
advice other parties would be equally so, and it would be difficult to
see how the mischief could be remedied, and the safety sought by
the statute to guard elections would be at an end. How far the

defendant's good faith and want of bad motive ought to screen him must be left to the discretion of the court, who will pass judgment, and the power of the executive. The offense that the law denounced is clearly made out.

The judgment should be affirmed.

DAVIS, P. J., and DANIELS, J., concurred.

*Conviction affirmed.*